IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>$100,020.00 IN U.S. CURRENCY,<br><br>**Defendant.** | CIVIL NO. 20- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, W. Stephen Muldrow, United States Attorney for the District of Puerto Rico and Héctor E. Ramírez-Carbó, Assistant United States Attorney, Chief Civil Division, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

NATURE OF THE ACTION

1. This is a civil action <u>in rem</u> brought to enforce the provisions of Title 31, <u>United States Code,</u> Sections 5332 and 5324.

DEFENDANT <u>IN REM</u>

2. The defendant currency seized by an officer of the United States Customs and Border Protection ("CBP") and the Immigration and Customs Enforcement-Homeland Security Investigations ("ICE-HSI"), consists of $100,020.00 in U.S. currency.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States pursuant to Title 28 United States Code, Section 1345; over an action for forfeiture pursuant to Title 28, United States Code, Section 1355; and over this particular action pursuant to Title 31, United States Code, Sections 5332 and 5324.

4. This Court has in rem jurisdiction over the defendant currency pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355(b)(1)(B) (the defendant currency is found in this district).

5. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant currency is found in this district).

## BASIS FOR FORFEITURE

6. This is a civil action in rem brought to enforce the provisions of Title 21, United States Code, Section 5332 (Bulk cash smuggling into or out of the United States) and 5324 (Structuring transactions to evade reporting requirement prohibited).

## FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the Title 28, United States Code, Section 1746 unsworn declaration of the Immigration and Customs Enforcement-Homeland Security Investigations ("ICE-HSI"), Special Agent, Ricardo A. Rivera attached hereto, and incorporated herein as if fully stated.

CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 7th day of April, 2020.

W. STEPHEN MULDROW
United States Attorney

*s/Héctor E. Ramírez-Carbó*
Héctor E. Ramírez-Carbo
Assistant U.S. Attorney
Chief Civil Division
USDC-PR-NO. 214902
UNITED STATES ATTORNEY'S OFFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
Hector.E.Ramirez@usdoj.gov

VERIFIED DECLARATION

I, Héctor E. Ramírez-Carbó, Assistant U.S. Attorney, Chief Civil Division for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the ICE-HSI; that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 7th day of April, 2020.

/Héctor E. Ramírez-Carbó
Héctor E. Ramírez-Carbó
Assistant U.S. Attorney
Chief, Civil Division

VERIFIED DECLARATION

I, Ricardo A. Rivera, Special Agent, ICE-HSI, declare as provided by Title 28, United States Code, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 2 day of April, 2020.

Ricardo A. Rivera, Special Agent
Immigration and Customs Enforcement-
Homeland Security Investigations ("ICE-HSI")

# UNSWORN DECLARATION UNDER PENALTY OF PERJURY
# TITLE 28 UNITED STATES CODE 1746

Pursuant to 28 U.S.C. § 1746, I, Ricardo A. Rivera, declare under penalty of perjury that the foregoing is true and correct:

## PROFESSIONAL BACKGROUND

I am employed as a Special Agent with United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) since 2017. As a Special Agent, my responsibilities include conducting investigations of alleged manufacturing, distributing and possession of controlled substances, importation of controlled substances, smuggling of goods, currency and others into and out of the United States, firearms violations and related offenses.

I have attended the United States Department of Homeland Security Criminal Investigator Training Program (CITP) and the Immigration and Customs Enforcement Special Agent Training (HSISAT), at the Federal Law Enforcement Training Center (FLETC), in Glynco, Georgia. I was trained to conduct criminal investigations related to narcotics, currency, firearms, contraband smuggling, interdiction and distribution activities, among others. Prior to my employment with HSI, I was employed for 7 years in the private sector conducting investigations related to theft, embezzlement, fraud, identity theft, counterfeiting, and other crimes. I am currently assigned to the Airport Investigations and Tactical Team (AitTAT), where investigations conducted are related to violations of Titles 8, 18, 19, 21, and 31 of the United States Code (U.S.C.).

## ITEM TO BE FORFEITED

$100,020.00 in U.S Currency

1

# FACTS

1. On November 13, 2019, U.S. Customs and Border Protection Officers (CBPO) assigned to the Luis Munoz Marin International Airport in San Juan, Puerto Rico, received information from Transportation Security Administration (TSA) officers about a passenger, later identified as Aldo PIMENTEL-Ramirez, travelling to Santo Domingo, Dominican Republic with a large amount of currency in his luggage. PIMENTEL-Ramirez was scheduled to depart LMMIA to Santo Domingo, Dominican Republic on Jet Blue flight 1037 on the same date.

2. Upon arrival to the Customs and Border Protection (CBP) Federal Inspection Site (FIS), a secondary inspection was conducted of PIMENTEL-Ramirez where CBPO's asked PIMENTEL-Ramirez if he was transporting a more than $10,000.00 USD in currency. PIMENTEL-Ramirez declared that he was transporting $10,000.00 USD in currency. PIMENTEL-Ramirez filled out a FinCEN Form 105 declaring $10,000.00 USD. PIMENTEL-Ramirez was asked if his brother, travelling with him and identified as Regis PIMENTEL-Ramirez (hereinafter R. PIMENTEL-Ramirez), had more than 10,000.00 USD. PIMENTEL-Ramirez told CBPO's that R. PIMENTEL-Ramirez did not have more than $10,000.00 USD. According to CBP records, both passengers are citizens of the Dominican Republic travelling under a B1/B2 visa.

3. After secondary inspection, PIMENTEL-Ramirez and R. PIMENTEL-Ramirez proceeded to the jet bridge where CBP officers conducted an outbound interview of both passengers. During the interviews, PIMENTEL-Ramirez stated he was travelling with $10,000.00 USD, R. PIMENTEL-Ramirez stated he was travelling with $9,900.00 USD. Both

passengers filled out a CBP Currency Declaration form declaring $10,000.00 and $9,900.00 USD respectively. The form was in the Spanish language, both passengers' native language. CBP officers also asked PIMENTEL-Ramirez if he was travelling with any checked luggage, to which PIMENTEL-Ramirez stated he was not.

4. PIMENTEL-Ramirez and R. PIMENTEL-Ramirez were escorted to the CBP Inspection area for further inspection as per CBP's Border Search authority. A border search was conducted of PIMENTEL-Ramirez luggage. The $10,000.00 PIMENTEL-Ramirez declared was found in a manila envelope inside his black leather backpack. Further physical examination revealed a vacuum sealed bag, containing an additional $10,000.00 USD, concealed in another zippered compartment of the black leather backpack.

5. CBP officers identified a checked bag, a wine cooler suitcase, checked by PIMENTEL-Ramirez. A CBP K-9 officer, "Nika" 181164, examined the checked suitcase and alerted to the presence of narcotics in the checked wine cooler suitcase. When presented with the wine cooler suitcase, PIMENTEL-Ramirez acknowledged ownership of the wine cooler suitcase. Physical examination of the wine cooler revealed six (6) vacuum sealed bags concealed within the liner of the wine cooler suitcase. Each of the six (6) vacuum sealed bags contained $10,000.00 USD. PIMENTEL-Ramirez was travelling with a total of $80,000.00.

6. During the border search of R. PIMENTEL-Ramirez luggage, CBPO's discovered $10,000, of which $9,900.00 was declared by R. PIMENTEL-Ramirez, inside a manila envelope stored inside a black cloth backpack R. PIMENTEL-Ramirez claimed to be his. This black cloth backpack was inside a carryon hard-shell suitcase that R. PIMENTEL-Ramirez stated belonged to PIMENTEL-Ramirez. During the border search, R.

3

PIMENTEL-Ramirez admitted to CBPO's that the currency he declared, $9,900, belonged to PIMENTEL-Ramirez. Further physical examination of the hard-shell carryon suitcase revealed an additional $10,000.00 concealed in three (3) places within the hard-shell suitcase; two socks, which were further concealed inside two shoes, and the third place of concealment was behind the liner of the hard-shell carryon suitcase. As a result of the search, R. PIMENTEL-Ramirez was found to be travelling with $20,000.00. Both passengers admitted that the total amount of currency, approximately $100,000.00 USD, belonged to PIMENTEL-Ramirez.

7. During an interview conducted by Homeland Security Investigations (HSI) agents, R. PIMENTEL-Ramirez stated that he was asked by PIMENTEL-Ramirez to carry $9,000.00 on the return flight to Santo Domingo, Dominican Republic. R. PIMENTEL-Ramirez denied ownership of the currency or knowledge of the concealed currency in the hard-shell suitcase he was carrying.

8. During an interview by HSI agents, PIMENTEL-Ramirez admitted that he gave R. PIMENTEL-Ramirez the $10,000 he was transporting. PIMENTEL-Ramirez also admitted to being the owner of the $100,000.00 USD discovered during the inspection. PIMENTEL-Ramirez stated he did not remember the $80,000.00 USD in undeclared currency was inside his three bags.

Based on my training and experience investigating drug trafficking, money laundering, bulk cash smuggling and currency mules, to include my extensive conversation with other investigators and members of law enforcement, I know that drug traffickers and currency smugglers often use methods of concealment to avoid detection and further avoid reporting requirements. Drug traffickers and currency smugglers often use false bottoms, hidden areas in

4

luggage such as behind luggage liners, inside clothing or shoes to achieve these means. Drug traffickers and currency smugglers also use methods to avoid Law Enforcement K-9 detection such as vacuum sealing narcotics or currency.

Based on my training and experience, and the facts concerning this investigation, I respectfully believe that sufficient probable cause exists to show that there is material evidence present of the commission of violations of a Federal Law, to wit: 31 U.S.C §5332; Bulk cash smuggling into or out of the United States, and 31 U.S.C §5324; Structuring transactions to evade reporting requirement prohibited; giving rise to the forfeiture of the $100,020.00 in U.S. Currency.

I declare under penalty of perjury that the foregoing is true and correct.

Signed under penalty of perjury, in San Juan, Puerto Rico this _2_ th day of _April_, 2020.

_____
Ricardo A. Rivera, Special Agent
Homeland Security Investigations (HSI)
U.S. Immigration and Customs Enforcement (ICE)
Department of Homeland Security

≋JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
US v. $100,020.00 IN U.S. CURRENCY,

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Héctor E. Ramírez-Carbó AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR 00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [X] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

[X] 1  Original Proceeding
[ ] 2  Removed from State Court
[ ] 3  Remanded from Appellate Court
[ ] 4  Reinstated or Reopened
[ ] 5  Transferred from another district (specify)
[ ] 6  Multidistrict Litigation
[ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 31, United States Code, Sections 5332 and 5324.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: April 7, 2020
SIGNATURE OF ATTORNEY OF RECORD: s/Héctor E. Ramírez-Carbó

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

 **United States District Court** *for the* **District of Puerto Rico**

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)
   US v. $100,020.00 IN U.S. CURRENCY

2. Category in which case belongs: (See Local Rules)

   [X] ORDINARY CIVIL CASE — CIVIL FORFEITURE
   [ ] SOCIAL SECURITY
   [ ] BANK CASE
   [ ] INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   [ ] YES   [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   [ ] YES   [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?
   [ ] YES   [X] NO

(Please Print)

USDC ATTORNEY'S ID NO.: 214902

ATTORNEY'S NAME: HECTOR E. RAMIREZ-CARBO

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE
HATO REY   PR   ZIP CODE 00918

TELEPHONE NO.: 787-766-5656